USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/5/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

HERMANT PATEL M.D., P.C.,

                Plaintiff,

-against-

THEJASWI BANDIKATLA, M.D.,

                Defendant.

------------------------------------------------------------ X

1:18 Civ. 10227 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

    Plaintiff Hermant Patel, M.D., P.C. brings this diversity action against Dr. Thejaswi Bandikatla.[1] The remaining claims assert fraud, breach of contract, breach of fiduciary duty, prima facie tort and breach of the implied covenant of good faith and fair dealing.

    Defendants move to dismiss the Amended Complaint ("Complaint") for failure to state a claim. For the reasons below, the motion is granted in part and denied in part.

### I. BACKGROUND

    The facts below are taken from the Complaint and the parties' written agreement, which is attached to the Complaint. *Hu v. City of New York*, 927 F. 3d 81, 88 (2d Cir. 2019) ("In deciding a Rule 12(b)(6) motion, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken.") (internal quotation marks omitted) (alteration in original). The facts alleged are assumed to be true and construed in favor of the non-movant, Patel, only for purposes of this motion. *See id.*

---

[1] Plaintiff's Amended Complaint also named Central Florida Medical Associates and Dr. Syed-Bilal Ahmed, M.D. as Defendants. On May 16, 2019, the claims against these Defendants were dismissed.

Plaintiff owns and operates a medical practice in New York, New York. Defendant Bandikatla is a foreign national and a physician. She was in the United States on a J-1 Visa, which allowed her to participate in work and study exchange programs in the United States. Bandikatla's J-1 visa subjected her to a home country physical presence requirement, which provided that she must return to her home country to work for two years after her J-1 Visa expired and before she could apply for an H-1B visa. In New York, the "State 30" program allows physicians to obtain H-1B visa status without meeting the foreign residency requirement if the applicant practices medicine on a full-time basis in a federally designated underserved area, or provides medical services to persons who live in such areas. The "State 30" program requires an applicant to practice medicine for a minimum of three years at the proposed practice site.

Because Plaintiff's medical practice was an approved site under the "State 30" program, Bandikatla could enroll in the program if Plaintiff employed her. On or around October 15, 2015, Plaintiff and Bandikatla entered into an employment contract, which states in pertinent part:

> Employer hereby employs Physician as a full-time doctor in Employer's medical practice for an initial three-year term commencing within 90 days of J1 waiver and H1B approval . . . unless extended or earlier terminated as provided herein, upon the expiration of the Initial Term, this Agreement shall be automatically extended for additional periods of ninety days each . . . unless not less than five (5) days prior to the expiration of the Initial Term or any Renewal Period, as the case may be, either party shall have notified the other party, in writing, that such extension shall not take effect.

As the sponsoring employer, Plaintiff supported Bandikatla's pursuit of a J-1 waiver and H1-B visa by executing and filing all necessary documents, obtaining letters of support from local politicians and complying with the New Yok State Department of Health. Those actions cost Plaintiff both time and money.

2

The United States Customs and Immigration Services ("USCIS") approved Bandiktala's J-1 visa waiver and H-1B visa by notice dated October 12, 2016, permitting her to work in the United States for three years between October 11, 2016, and September 13, 2019. Based on the October 16, 2016, approval date, the three-year term of the contract commenced January 12, 2017, and ended January 12, 2020.

On September 16, 2018, Bandikatla sent a letter of resignation to Plaintiff, effective October 5, 2018. Bandikatla never returned to work for Defendant after October 5, 2018. Since then, Bandikatla became employed by Central Florida Medical Associates and Dr. Syed-Bilal Ahmed, M.D. in Florida.

## II. DISCUSSION

The claims alleging fraud, breach of fiduciary duty, prima facie tort, and breach of the implied covenant of good faith and fair dealing are dismissed. The breach of contract claim is sufficiently pleaded under Federal Rule of Civil Procedure 12(b)(6).

### A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party,

*Montero v. City of Yonkers*, 890 F.3d 386, 391 (2d Cir. 2018), but gives "no effect to legal conclusions." *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017) (quoting *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010)).

### B. Breach of Contract

New York law governs the contract pursuant to its choice-of-law provision. *See AEI Life LLC v. Lincoln Benefit Life Co.*, 892 F.3d 126, 132 (2d Cir. 2018) (stating that choice of law clauses are generally enforceable under New York law, whose choice of law rules apply to diversity actions in federal courts sitting in New York). Under New York law, the elements of a breach of contract claim are "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages." *Markov v. Katt*, 109 N.Y.S.3d 295, 296 (1st Dep't 2019). At the motion to dismiss stage, the court resolves any contractual ambiguities in favor of the plaintiff, and if the plaintiff has an arguable claim under the contract, then the claim should not be dismissed. *See Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005); *accord Axiom Inv. Advisors, LLC v. Duestche Bank AG*, 234 F. Supp. 3d 526, 533 (S.D.N.Y. 2017).

The Complaint states a sufficient claim for breach of contract. The contract states, "Employer [Plaintiff] hereby employs Physician [Defendant] as a full-time doctor in Employer's medical practice for an initial three-year term." The three-year term commences "within 90 days of J1 waiver and H1B approval." USCIS approved Defendant's J-1 visa waiver and H-1B visa by notice dated October 12, 2016. Plaintiff's contractual term of employment thus ended January 12, 2020, but she left Plaintiff's employ on October 5, 2018. Based on a plain reading of the contract, the breach of contract claim survives Defendant's motion to dismiss.

Defendant argues that "[t]here is no requirement in the Contract that [she] remain employed until January 12, 2020" because "all restrictions on termination flow to Plaintiff, not Dr. Bandikatla." But in contract interpretation, it is important "to read the document as a whole to ensure that excessive emphasis is not placed upon particular words or phrases." *S. Road Assocs., LLC v. Intern. Bus. Mach. Corp.*, 826 N.E.2d 806, 808 (N.Y. 2005); *accord Georgia Malone & Co. v. E&M Assoc.*, 81 N.Y.S.3d 387, 394 (1st Dep't 2018). Construing the contract at this stage in the proceedings in the light most favorable to the non-movant, a sufficient breach of contract claim is stated.

### C. Fraud, Breach of Fiduciary Duty, Prima Facie Tort, and Breach of Implied Covenant of Good Faith and Fair Dealing.

The Complaint's claims for fraud, prima facie tort, and breach of the implied covenant of good faith and fair dealing are dismissed because they duplicate the breach of contract claim by relying on the same factual allegations.

Under New York law, a fraud claim requires "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." *Epiphany Cmty. Nursery Sch. v. Levey*, 94 N.Y.S.3d 1, 4 (1st Dep't 2019).

> "[U]nder [New York] law, where the promised performance is an obligation of the promisor under an enforceable contract between the parties, and the only damages sought are those recoverable for a breach of contract, allegations of an insincere promise are redundant of a claim for breach of the parties' contract and, therefore, do not state a cause of action for fraud."

*Cronos Grp. Ltd. v. XComIP, LLC*, 64 N.Y.S. 3d 180, 190 (1st Dep't 2017) (internal quote and citation omitted).

The Complaint alleges that Bandikatala defrauded Plaintiff by falsely representing she "would be employed by Plaintiff for a period of three years." This allegation in substance is that Plaintiff made an "insincere promise" to perform the contract. *Id.* Such an allegation is "a claim

5

for breach of contract, enhanced only by conclusory allegations that the pleader's adversary made a promise while harboring the concealed intent not to perform it." *Id*. at 186. The fraud claim is dismissed.

Similarly, the cause of action for breach of the implied covenant of good faith and fair dealing is dismissed. A claim for breach of the implied covenant of good faith duplicates a breach of contract claim when they are based on "the same allegations" and seek "the same damages." *Tillage Commodities Fund, L.P. v. SS&C Techs., Inc.*, 58 N.Y.S.3d 28, 31 (1st Dep't 2017). Here, the Complaint alleges Bandikatala violated the implied promise of good faith by "resigning from her employment with Patel prior to the expiration of three years as was required under the terms of the Contract." That is the same basis for the Complaint's breach of contract claim. The good faith and fair dealing claim is dismissed.

The claim for prima facie tort also fails because the Complaint "did not allege that defendant[] engaged in tortious conduct separate and apart" from the breach of contract. *Susman v. Commerzbank Capital Mkts. Corp.*, 945 N.Y.S.2d 5, 8 (1st Dep't 2012). The Complaint's theory of prima facie tort rests on the allegation that "Dr. Bandikatla intentionally inflicted harm upon Plaintiff by breaching the Contract," which is merely a restatement of the breach of contract claim. The prima facie tort claim is dismissed.

Lastly, the claim for breach of fiduciary duty is dismissed because "no fiduciary relationship arises from an employment relationship." *BGC Partners, Inc. v. Avison Young (Canada) Inc.*, 75 N.Y.S.3d 1, 2 (1st Dep't 2018); *see also Rather v. CBS Corp.*, 886 N.Y.S.2d 121, 125 (1st Dep't 2009) (citing cases).

### D. Preemption

The surviving breach of contract claim is not preempted by federal labor laws 8 U.S.C. § 1182(n)(2)(C)(vi)(I) and 20 C.F.R. § 655.731(c)(1), as Defendant argues. Section 1182(n)(2)(C)(vi)(I) states that "[i]t is a violation of this clause for an employer who has filed an application under this subsection to require an H-1B nonimmigrant to pay a penalty for ceasing employment with the employer prior to a date agreed to by the nonimmigrant and the employer." 8 U.S.C. § 1182(n)(2)(C)(vi)(I). The regulation states that an employer may not make an H-1B nonimmigrant employee pay a "penalty for ceasing employment with the employer prior to a date agreed to by the nonimmigrant and the employer." 20 C.F.R § 655.731(c)(10)(i)(A). Both the statute and regulation provide that applicable state law determines whether a payment requirement is a penalty. 8 U.S.C. § 1182(n)(2)(C)(vi)(I) ("The Secretary shall determine whether a required payment is a penalty (and not liquidated damages) pursuant to relevant State law"); 20 C.F.R § 655.731(c)(10)(i)(C) ("The distinction between liquidated damages (which are permissible) and a penalty (which is prohibited) is to be made on the basis of the applicable State law."); *see also* 65 Fed. Reg. 80110-01 (Dec. 20, 2000) ("[T]he decisional and statutory law of a particular State, as applied to the particular circumstances relating to the employment and contract at issue . . . will control the resolution of most disputes").

New York defines expectation damages as "putting plaintiff in the same economic position he would have occupied had the breaching party performed the contract." *Emposimato v. CICF Acquisition Corp.*, 932 N.Y.S.2d 33, 36 (1st Dep't 2011). Under contract law, expectation damages are not considered a penalty. *See* RESTATEMENT (SECOND) OF CONTRACTS § 356 cmt. a (AM. LAW. INST. 1981) ("[T]he parties to a contract are not free to provide a penalty for its breach. The central objective behind the system of contract remedies is compensatory, not

punitive"). Accordingly, Plaintiff's breach of contract claim is not preempted by the federal labor law. *Accord SpaceAge Consulting Corp. v. Ruiming Lu*, No. 2:13 Civ. 6984, 2014 WL 1407718, at *4 (D.N.J. Apr. 11, 2014) (holding a breach of contract lawsuit is not a "penalty" for "early termination of [an] employment contract" under 20 C.F.R. § 655.731(c)(10) because a breach of contract claim "has nothing to do with the withholding of wages.").

Defendant is incorrect that Plaintiff could recover only liquidated damages based on Defendant's breach of contract, and not ordinary, compensatory contractual damages. The provisions referencing liquidated damages in the federal statute and regulations are directed at determining whether or not a contractual liquidated damages provision is unenforceable as a penalty or enforceable because it is not a penalty. As the contract at issue here does not contain a liquidated damages provision, this issue does not arise. These provisions in federal law regarding liquidated damages do not say or mean that only liquidated damages can be recovered from H-1B visa holder, to the exclusion of all other types of non-punitive damages. Instead they mean that liquidated damages provisions must be scrutinized to determine if they are disguised penalties and therefore not enforceable. The legislative history expressly confirms this interpretation. A discussion about how to determine whether a contract provision is a permissible liquidated damages clause or a penalty states, "we do not address other legal remedies that may be available to the parties to recover damages for alleged breach of the employment agreement." 65 Fed. Reg. 80110-01 (Dec. 20, 2000).

## III. CONCLUSION

For the foregoing reasons, Bandikatla's motion to dismiss is DENIED in part and GRANTED in part and only the breach of contract claim survives. Specifically, the motion to dismiss for failure to state a claim is granted as to Counts I (fraud), III (breach of fiduciary duty),

IV (prima facie tort), V (tortious interference with contract) and VI (breach of implied covenant of good faith and fair dealing). The motion to dismiss is denied as to Count II (breach of contract).

Dated: December 5, 2019
      New York, New York

                                            LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE